UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Benson,                                         Civil No. 17-3839 (MJD/FLN)

      Plaintiff,

v.
                                        **REPORT AND RECOMMENDATION**

Family Tree Corporation et al.,
      Defendants.

_____

John Benson, *pro se*, for Plaintiff.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's motion for judgment on the pleadings and for an injunction/temporary restraining order (ECF No. 34). This matter was referred to the undesigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. *See* Order, ECF No. 39. For the reasons set forth below, the Court recommends that Plaintiff's motion be **DENIED**.

This case stems from contested ownership over several land parcels located in Minnesota, South Dakota, North Dakota, and Montana. In 2013, Defendants filed an action to quiet title in the McKenzie County, North Dakota, District Court. Trial in that case is set to begin tomorrow, October 3, 2017, before the McKenzie County District Court. On August 18, 2017, Plaintiff initiated this action, raising several counts under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See generally* ECF No. 1. In the instant motion, Plaintiff moves, *ex parte*, for judgment on the pleadings on Count I of his Complaint, and, alternatively, for a temporary restraining order staying the North Dakota proceedings. *See generally* ECF No. 34.

As to judgment on the pleadings, the Court is aware of no authority that would permit it, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to enter judgment *ex parte* in Plaintiff's

favor on Count I. To the extent Plaintiff believes he is entitled to judgment on the pleadings under Rule 12, Defendants are entitled to proper adjudication of that matter, including an opportunity to respond to Plaintiff's motion. Plaintiff may certainly move for judgment on the pleadings, as countenanced by the Federal Rules of Civil Procedure, but he may not do so *ex parte*. As a result, Plaintiff's motion must be denied. *See* Fed. R. Civ. P. 12(c)

As to Plaintiff's request for a temporary restraining order, the Court is not permitted to stay the North Dakota proceedings. The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits a federal court from staying a state court proceeding unless staying is expressly authorized by Congress, would aid the court in its exercise of jurisdiction, or is necessary "to protect or effectuate [the court's] judgements." The second and third exceptions do not apply here because staying the North Dakota proceedings would not aid the Court's jurisdiction over this declaratory judgment action, and because the Court has not yet issued any judgments. In addition, here, the statute under which Plaintiff seeks relief, the Declaratory Judgment Act, " does not come within the [Anti-Injunction Act's]'expressly authorized' exception . . . ." *Georgia-Pacific, Corp. v. Putnam*, 528 F. Supp. 2d 606, 611 (S.D. W. Va. Feb. 13, 2007) (quoting *Garret v. Hoffman*, 441 F. Supp. 1151, 1158 (E.D. Pa. 1977)). As a result, Plaintiff's request to stay the North Dakota proceedings must be denied. *See* 28 U.S.C. § 2283.

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for judgment on the pleadings and for an injunction/temporary restraining order (ECF No. 34) be **DENIED**.

DATED: October 2, 2017                              *s/Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

**NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

A party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. All objections and responses must comply with the word or line limits set for in LR 72.2(c).