UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN BENSON,

       Plaintiff,

v.                             **MEMORANDUM OF LAW & ORDER**
                                Civil File No. 17-3839 (MJD/FLN)

FAMILY TREE CORP., INC., et al.

       Defendants.

John Benson, pro se.

John A. Markert, Larson King, LLP, and Nicholas C. Grant, Ebeltoft. Sickler. Lawyers PLLC, Counsel for Defendants Family Tree Corporation, Inc. and Desert Partners IV, L.P.

## I.    INTRODUCTION

This matter is before the Court on Defendants Family Tree Corporation and Desert Partners IV, L.P.'s Motion to Dismiss [Docket No. 15] and Plaintiff John Benson's Motion for a Judgment on the Pleadings [Docket Nos. 64-65]. The Court heard oral argument on February 22, 2018. Because the Court lacks personal jurisdiction over Defendants Family Tree Corporation and Desert

Partners IV, L.P., they are dismissed as defendants in the action. The Court does not reach Defendants' multiple alternative arguments for dismissal.

## II.     BACKGROUND

### A.     Factual Background

The Complaint and relevant public documents describe a detailed and extensive history regarding the parties, property title at issue, and the years of previous litigation. For the purpose of analyzing the motion to dismiss for lack of personal jurisdiction, the Court provides only an abbreviated description of the facts.

#### 1.     The Relevant Parties

Plaintiff John Benson is a Minnesota resident. (Compl. ¶ 1.) Elmer and Frances Benson were his grandparents. (Id.)

Defendant Family Tree Corporation ("Family Tree") is a Wyoming corporation with its principal place of business in Lakewood, Colorado. (Dykes Aff. ¶¶ 3, 4.) It buys and sells real property mineral interests and participates in oil and gas wells. (Id. ¶ 7.) It has never had an office in Minnesota; has never employed persons in Minnesota; has never owned any property in Minnesota; and has never advertised in Minnesota. (Id. ¶¶ 5-6.)

When Family Tree identifies owners of real property mineral interests, it sends them a letter expressing Family Tree's interest. (Dykes Aff. ¶ 8.) The mineral rights owner then decides whether or not to respond to Family Tree and enter into negotiations. (Id. ¶ 9.) Family Tree has never bought or sold mineral interests in Minnesota. (Id. ¶10.)

Defendant Desert Partners IV, L.P. ("Desert") is a limited partnership organized under the laws of the state of Texas. (Gieb Aff. ¶ 3.) None of the partners of Desert are Minnesota residents. (Id. ¶ 4.) Desert is in the business of buying and selling real property mineral interests. (Id. ¶ 7.) Desert has never had an office in Minnesota, employed persons in Minnesota, owned property in Minnesota, or advertised in Minnesota. (Id. ¶¶ 5-6.) It has never had any contact with Defendant Ann Kemske or Geri Benson because it acquired its portion of the mineral interests at issue from Family Tree. (Id. ¶ 8.)

### 2. Mineral Rights History

This lawsuit relates to certain mineral interests in, on, under, or relating to real property located in McKenzie County, North Dakota, described as Township 152 North, Range 100 West, Section 33: E1/2SE1/4, Section 34: W1/2SW1/4 ("Property"). (Markert Aff., Ex. 1, N.D. Compl. ¶ 1.) The mineral interest at

issue is an undivided one-fifth mineral interest in the Property or 32 net mineral acres ("Subject Mineral Interest").

The Subject Mineral Interest was conveyed by Elmer and Frances Benson to their granddaughter, Defendant Ann Kemske, by two quit claim deeds executed in 1984 and 1985 ("1984 and 1985 Quitclaim Deeds").  (Markert Aff., Exs. 3-4.)  Each of the 1984 and 1985 Quitclaim Deeds conveyed an undivided one-tenth mineral interest to each of the 5 grantees: Ann Kemske, Plaintiff John T. Benson, Edward A. Benson, Louise F. Benson, and Geri K. Benson Weidt ("Benson grandchildren"), for a total transfer to Kemske of an undivided one-fifth mineral interest.

Kemske conveyed the Subject Mineral Interest to Family Tree by a Mineral Deed dated April 15, 2010, which was recorded on May 12, 2010, in the McKenzie County Recorder's Office as Document No. 401900 ("Kemske-FT Deed"). (Markert Aff., Ex. 6.)  Under the Kemske-FT Deed, Kemske conveyed to Family Tree all of her "right, title and interest in and to all of the oil, gas, and other minerals in and under" the Property.  (Id.)

On May 12, 2010, Family Tree conveyed 24 net mineral acres in the Subject Mineral Interest to Desert, and the deed was recorded on June 14, 2010, in the

McKenzie County Recorder's Office as Document No. 403773 ("FT-Desert Deed"). (Markert Aff., Ex. 7.)

On June 10, 2010, Geri Benson, one of the Benson grandchildren, conveyed by mineral deed all of her right, title, and interest in and to the minerals underlying the Property to Family Tree ("Benson-FT Deed"), and the deed was recorded in McKenzie County on July 9, 2010, as Document No. 404541. (Markert Aff., Ex. 8.)

On April 9, 2012, a quitclaim deed signed December 13, 1990, was recorded in the McKenzie County Recorder's Office as Document No. 431969 ("1990 Quitclaim Deed"). (Markert Aff., Ex. 9.) The 1990 Quitclaim Deed conveys to Thomas Benson, Plaintiff's father, all of Ann Kemske and Defendant Jon Kemske's "right, title, and interest in and to" the Property. (Id.)

On June 3, 2010, a quitclaim deed dated May 7, 2010 was recorded in McKenzie County as Document No. 403001 ("John Benson Quitclaim Deed"). (Compl. ¶ 27; Compl., Ex. H.) The John Benson Quitclaim Deed purports to convey Thomas Benson and Leatrice Benson's right, title, and interest in and to the Subject Mineral Interest to John Benson and his son, Brian Benson; however the legal description was incorrect. (Id.) The John Benson Quitclaim Deed was

re-recorded as McKenzie County Document No. 434658 with a handwritten revised legal description. (Id.)

### 3. North Dakota Action

In January 2013, Family Tree and Desert initiated a quiet title action in North Dakota state court against Thomas Benson, Leatrice Benson, Plaintiff, Brian Benson, Ann Kemske, and Jon Kemske. North Dakota Case No. 27-2013-CV-30 ("North Dakota Action"). (Markert Aff., Ex. 1, N.D. Compl.; Markert Aff., Ex. 2, N.D. Answer and Counterclaim.) Family Tree and Desert sought to quiet title to the Subject Mineral Interest. (N.D. Compl. ¶ 1, p.3.) They claimed that they acquired the Subject Mineral Interest as good faith purchasers under the Kemske-FT Deed without notice of the 1990 Quitclaim Deed, which was unrecorded at the time that the Kemske-FT Deed was executed and recorded.

Plaintiff John Benson is a defendant and counterclaim plaintiff in the North Dakota Action and claimed that he has a superior right and title to the Subject Mineral Interest based on the 1990 Quitclaim Deed and on the John Benson Quitclaim Deed. (See N.D. Compl.; Markert Aff., Ex. 2, N.D. Answer and Counterclaim.)

On October 3, 2017, a bench trial was held in the North Dakota Action. ([Docket No. 61] Oct. 13, 2017, N.D. Memorandum Opinion & Order for Judgment After Trial at 1.)  John Benson failed to appear.  (Id.)  The North Dakota district court awarded default judgment against John Benson and dismissed Benson's counterclaims as sanctions for his failure to appear.  (Id.)  In the alternative, if the sanctions are found to be improper, the court issued findings of fact and conclusions of law that Desert and Family Tree "completed a diligent inquiry into ownership and are good faith purchasers for value" and granted Desert and Family Tree's request to quiet title in the Subject Mineral Interest.  (Id. at 4.)  Judgment was entered in the North Dakota Action on January 17, 2018.

### 4. Minnesota State Court Action

On July 24, 2013, 6 months after the North Dakota Action was initiated, Plaintiff sued Ann and Jon Kemske in Hennepin County Court in Benson v. Kemske, Case No. 27-CV-13-13684 ("Minnesota Action").  (See Markert Aff., Ex. 10, Nov. 6, 2013, Minn. Action Order.)  Plaintiff sought a declaration that he had superior right and title to the Subject Mineral Interest on the same basis he asserts in the North Dakota Action and in this lawsuit.  (Id.)  On November 6,

2013, the Minnesota state court dismissed the Minnesota Action based on a lack of <u>in rem</u> jurisdiction over real property located in North Dakota and based on Plaintiff's failure to join Family Tree and Desert as indispensable parties over which the court lacked jurisdiction. (<u>Id.</u>)

### B.   Procedural History

On August 18, 2017, Benson filed a Complaint against Family Tree, Desert, Ann Kemske, Jon Kemske, Brigham Oil & Gas, L.P., and Oasis Petroleum Inc.[1] in this Court.  The Complaint alleges four counts: Count 1 seeks a declaration under the federal Declaratory Judgments Act, 28 U.S.C. § 2201, and Minnesota Declaratory Judgments Act, Minn. Stat. §§ 555.01-.16, that the 1984 and 1985 Quitclaim Deeds from Elmer and Frances Benson to the Benson grandchildren each conveyed an undivided 1/10 mineral interest in the Property as "tenants in common to share and share alike," and that, because the deeds created an undivided interest, none of the Benson grandchildren could sell any of their interests without the consent of the other grandchildren or by Thomas Benson as Power of Attorney.  (Compl. ¶¶ 84-85.)  Count 2 seeks supplementary relief based on the declaratory judgment under 28 U.S.C. § 2202 and Minnesota Statute

---

[1] On November 9, 2017, Oasis was dismissed as a Defendant in this action. [Docket No. 60]

§ 555.08 for a money judgment against Oasis to release to John Benson and Brian Benson any amounts held in suspense related to the Subject Mineral Interest based on Plaintiff's allegation that Plaintiff and Brian Benson are the legal owners of the Subject Mineral Interest.  (Compl. ¶ 106.)  Count 3 seeks supplementary relief based on the declaratory judgment under 28 U.S.C. § 2202 and Minn. Stat. § 555.08, for a money judgment against Family Tree and for any amounts Family Tree has received from Oasis and/or SM Energy, less the amounts paid to Geri Benson, based on Plaintiff's allegation that he is the owner of the mineral interests previously conveyed by Geri Benson to Family Tree under a 2015 Stipulation of Interest under which Thomas Benson used his Power of Attorney to give the Subject Mineral Interest to his son, Plaintiff, and grandson, John Benson (Compl., Ex. P) and to rescind the grant to Family Tree.  (Compl. ¶¶ 109-13.)  Count 4 requests injunctive relief through a temporary restraining order and/or an injunction staying the North Dakota Action trial until this Court rules.  (Compl. ¶ 115.)

In the motion now before the Court, Family Tree and Desert request that the Court dismiss the claims against them based on lack of personal jurisdiction,

failure to state a claim, the doctrine of abstention, and the doctrine of prior exclusive jurisdiction.

The Court heard oral argument on February 22, 2018. On March 5, 2018, Plaintiff filed a letter requesting jurisdictional discovery in order to supplement arguments regarding issue preclusion and personal jurisdiction. [Docket No. 79]

### III. DISCUSSION

#### A. Personal Jurisdiction

##### 1. Personal Jurisdiction Standard

> To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that [the defendants] can be subjected to jurisdiction within the state. Once jurisdiction ha[s] been controverted or denied, [the plaintiff] ha[s] the burden of proving such facts. The plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto.

Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004) (citations omitted).

"A two-step inquiry is employed when determining whether a federal court has jurisdiction over a non-resident party: (1) whether the facts presented satisfy the forum state's long-arm statute, and (2) whether the nonresident has minimum contacts with the forum state, so that the court's exercise of

jurisdiction would be fair and in accordance with due process." Soo Line Railroad Co. v. Hawker Siddeley Canada, Inc., 950 F.2d 526, 528 (8th Cir. 1991) (citation omitted). "The Minnesota long-arm statute extends jurisdiction to the fullest extent permitted by the due process clause." Id.

> The due process clause requires there be minimum contacts between the defendant and the forum state before the forum state may exercise jurisdiction over the defendant. Sufficient contacts exist when the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there, and when maintenance of the suit does not offend traditional notions of fair play and substantial justice. In assessing the defendant's reasonable anticipation, there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

Id. at 528–29 (citations omitted).

In order to determine whether the exercise of jurisdiction comports with due process, the Court examines five factors:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

Stanton v. St. Jude Med., Inc., 340 F.3d 690, 694 (8th Cir. 2003) (citation omitted). The first three factors are primary, while the last two factors are secondary. Id.

A court can exercise either specific or general personal jurisdiction over a party.  "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while [g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007) (citation omitted).  General personal jurisdiction exists when a party has "continuous and systematic" contacts with the forum state.  Id. (citation omitted).

### 2.     Nature, Quality, and Quantity of the Contacts

Neither Family Tree nor Desert has ever maintained an office in Minnesota, employed persons in Minnesota, advertised in Minnesota, or owned property in Minnesota.  Family Tree has never bought or sold mineral interests in Minnesota.  Desert purchased the mineral rights at issue from Family Tree, and so has had no contact with Ann Kemske or Geri Benson.  There is no general jurisdiction based on continuous and systemic contacts.

### 3.     Relation of the Cause of Action to the Contacts

The injury claimed by Plaintiff relates to the ownership of real property mineral interests in North Dakota.  Plaintiff asks the Court to declare the

meaning of various conveyances of North Dakota mineral interests. The 1984 and 1985 Quitclaim Deeds conveyed North Dakota property. Neither Family Tree nor Desert was a party to those deeds. The Kemske-FT Deed and the Benson-FT Deed, which Plaintiff claims are invalid, both conveyed North Dakota property. Moreover, Desert did not negotiate with Ann Kemske or Geri Benson for the purchase of the mineral interests, but, instead, negotiated with Family Tree, so there is no Minnesota contact alleged at all with respect to Desert. The lawsuit before the Court relates to the validity of various conveyances of the North Dakota property and whether Family Tree and Desert did a diligent title search in North Dakota. Thus, the relation of the cause of action to any Minnesota contacts is tenuous. There is minimal connection between the alleged injury or claims and any contact with Minnesota.

### 4. Interest of the Forum State

Minnesota has little interest in this action because the action concerns property rights for property located in North Dakota.

### 5. Convenience of the Parties

The convenience of the parties factor is, at most, neutral. Litigation in Minnesota is convenient for Plaintiff because he is a Minnesota resident.

However, litigation in North Dakota is also convenient for Plaintiff, as he has already been actively engaged in litigation in North Dakota for multiple years regarding the same issues and parties. And litigation in Minnesota is not convenient for Family Tree and Desert Partners, who have no connection to Minnesota.

### B. Plaintiff's Request for Jurisdictional Discovery

Once a defendant has denied the facts to support jurisdiction, the plaintiff has the burden to prove them with affidavits and exhibits. Here, Plaintiff has failed to allege or offer evidence of facts that would support a finding of personal jurisdiction.

After oral argument on the motion to dismiss, Plaintiff filed a request for jurisdictional discovery. That request is denied. The motion to dismiss was filed on September 8, 2017. Plaintiff had ample time to raise the issue of jurisdictional discovery previously, but failed to do so. The Court notes that Plaintiff's previous Minnesota state lawsuit regarding the same issues was dismissed, in part, because Minnesota did not have personal jurisdiction over these Family Tree and Desert; thus, Plaintiff has known of the lack of personal jurisdiction for some time.

At this time, Plaintiff has offered no indication of what evidence he expects to find to support a finding of personal jurisdiction over Family Tree or Desert. "[W]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 598 (8th Cir. 2011) (citation omitted).

Here, Plaintiff's "request for jurisdictional discovery is not specifically targeted to flesh out connections already shown to exist, but instead is more akin to a fishing expedition in which a plaintiff intends to cast a wide net for potential contacts with a forum state." Greenbelt Res. Corp. v. Redwood Consultants, LLC, 627 F. Supp. 2d 1018, 1028 (D. Minn. 2008). Therefore, the request for jurisdictional discovery is denied.

The Court concludes that it lacks personal jurisdiction over Defendants Family Tree and Desert. Therefore, they must be dismissed as Defendants in this lawsuit.

### C.     Conclusion

Because the Court concludes that it lacks personal jurisdiction over Family Tree and Desert and must dismiss the claims against them, the Court does not

reach Family Tree and Desert's alternative arguments for abstention, prior exclusive jurisdiction, or failure to state claim.

Because Plaintiff's Motion for Judgment on the Pleadings was directed against Defendants Family Tree and Desert and they have now been dismissed from this lawsuit, Plaintiff's motion is denied without the Court reaching the merits of the motion.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Family Tree Corporation and Desert Partners IV, L.P.'s Motion to Dismiss [Docket No. 15] is **GRANTED**, and Family Tree Corporation and Desert Partners IV, L.P. are **DISMISSED** as Defendants in this lawsuit.

2. Plaintiff John Benson's Motion for a Judgment on the Pleadings [Docket Nos. 64-65] is **DENIED**.

Dated:  March 7, 2018            s/ Michael J. Davis
                                 Michael J. Davis
                                 United States District Court