UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN BENSON,

    Plaintiff,

v.

ANN KEMSKE, JON KEMSKE,
& BRIGHAM OIL & GAS, L.P.,

    Defendants.

CIVIL NO. 17-3839 (MJD/DTS)

ORDER &
REPORT AND RECOMMENDATION

---

John Benson, 12200 Marion Ln. West, Suite 5309, Minnetonka, Minnesota 55305, pro se.

Marie Williams, Fredrikson & Byron, 200 South Sixth Street, Suite 4000, Minneapolis, Minnesota 55402, for Defendants.

---

## INTRODUCTION

John Benson brought this diversity action in federal court seeking a declaratory judgment that would, in effect, quiet title to property located in North Dakota. Defendant Brigham Oil & Gas, L.P., ("Brigham Oil")[1] has moved for dismissal, arguing insufficient service, improper venue, and lack of personal jurisdiction. Because this Court is not satisfied that it has personal jurisdiction over it, Brigham Oil is dismissed from this lawsuit and the default against it is set aside.

---

[1] In its various filings, Brigham Oil notes that it has twice changed its name and is now called Equinor Energy LP. Beck Aff. ¶ 1, Docket No. 101. For consistency, the Court will continue to refer to Brigham Oil.

Relatedly, non-parties who have been served with subpoenas by Benson seek to have those subpoenas quashed. Because the subpoenaed information is irrelevant to the present action, the subpoenas are quashed.

## FINDINGS OF FACT

### I. The Dispute

The underlying controversy in this case involves the ownership of mineral rights to 160 acres in North Dakota, part of a larger grant that John Benson's grandparents made to their grandchildren. Compl. ¶ 23, Docket No. 1. Two of the grandchildren, Ann Kemske and Geri Benson, sold (or at least attempted to sell) their interest in the property to an oil company, the Family Tree Corporation. *Id.* at ¶¶ 29-30. Benson alleges upon belief that Family Tree, in turn, granted part of that interest to Brigham Oil. *Id.* at ¶¶ 5. The subsequent dispute about the validity of this sale led to Family Tree bringing a quiet title action in North Dakota district court in 2013. *Id.* at ¶ 41. That case has, thus far, twice made its way to the North Dakota Supreme Court. *See Desert Partners IV, L.P. v. Benson*, 875 N.W.2d 510 (N.D. 2016); *Desert Partners IV, L.P. v. Benson*, 855 N.W.2d 608 (N.D. 2014).

About six months after Family Tree sued Benson in North Dakota, Benson sued Ann Kemske and her husband in Hennepin County district court under the Minnesota Declaratory Judgment Act, arguing he had superior title to the mineral interest she sold to Family Tree. Mem. L. & Order, March 7, 2018, at 7 (citing Markert Aff. Ex. 10), Docket No. 81. The state court dismissed that action, concluding that it lacked *in rem* jurisdiction over the North Dakota property and also lacked jurisdiction over Family Tree

and another oil company, Desert Partners IV, both of which were indispensable parties. *Id.* at 8.

Benson filed this action in August 2017, again seeking declaratory relief stating that any transfers to the Defendant oil companies are void. Benson submitted a Return of Service form that stated that Brigham Oil had been served on August 18, 2017. Return of Service, Docket No. 5. The form describes the method of service as "emailed/electronic service and sent by U.S. Postal Service priority mail." *Id.* Several motions were made and decided, including three parties being dismissed from the lawsuit, without Brigham Oil filing a reply to the Complaint. Informed by the prior magistrate judge in this case that Brigham Oil would be dismissed for lack of prosecution, Benson applied for an entry of default in May 2018. Application for Entry of Default, Docket No. 84. After the default was entered, he moved for default judgment. Mot. for Default J., Docket No. 94. At that point, Brigham Oil appeared and moved for dismissal, citing insufficient service of process, improper venue, and lack of personal jurisdiction.

## II.     The Subpoenas

After Family Tree and Desert Partners IV filed their motion to dismiss, Benson served subpoenas on three judicial officials with connections to the North Dakota litigation: the presiding judge, the clerk of court, and the trial court administrator. Ex. Index Supp. of Third Party Mot. to Quash Exs. A, B, C, Docket No. 119. The subpoenas sought various items relating to the North Dakota case, including audio and transcripts of a hearing, communications between the judge and the clerk of court, ex parte

communications between the judge and Benson's opposing counsel, and any evidence of backdating of the record. *Id.*

When the North Dakota Attorney General's office, representing the served non-parties, contacted Benson about a response to the subpoenas, Benson stated in an email that he believed no response was necessary "since the Case in Federal Court in Minnesota has been dismissed." *Id.* at Ex. E. The non-parties acknowledged that they would "not need to respond to your subpoenas." *Id.* at Ex. F. Benson provided no further response until almost four months later, when Brigham Oil appeared and brought its motion to dismiss. Benson then emailed the non-parties' counsel and demanded a response to the subpoenas. *Id.* at Ex. G. The non-parties responded that they interpreted Benson's prior email as effectively withdrawing the subpoenas and that they would not respond unless served with new subpoenas. *Id.* at Ex. H. After Benson threatened that they would be in contempt of court if they did not respond, *id.* at Ex. I, the non-parties moved to quash.

## CONCLUSIONS OF LAW

There are three motions before the Court: Benson's Motion for Default Judgment (Docket No. 94), Brigham Oil's Motion to Set Aside an Entry of Default and Dismiss the Complaint (Docket No. 98), and the subpoenaed non-parties' Motion to Quash Subpoenas (Docket No. 114). The first two motions are resolved by the Court's conclusion that it lacks personal jurisdiction over Brigham Oil and the Motion to Quash is granted because the information subpoenaed is irrelevant to the present action.

4

I.     **Brigham Oil's Motions**

Brigham Oil argues that it should be dismissed from the lawsuit and that the entry of default should be set aside for good cause. It raises several grounds for dismissal, including insufficient service of process, lack of personal jurisdiction, and improper venue. The most fundamental of these is personal jurisdiction, which the Court examines first.[2]

   A.     **Legal Standard**

Once a defendant has challenged the existence of personal jurisdiction under Rule 12(b)(2), the plaintiff "must make a prima facie showing that personal jurisdiction exists." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591 (8th Cir. 2011). This showing is based on the pleadings and the affidavits supporting and opposing the motion. *Id.* at 592. Although the plaintiff bears the burden to make a showing, a court must "view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in [the plaintiff's] favor." *Id.*

   B.     **Personal Jurisdiction Requirements**

Federal courts apply the law of the forum state to determine whether they may exercise personal jurisdiction over a party. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *K-V Pharm Co.*, 648 F.3d at 592. A court must be satisfied that the exercise of

---

[2]   Although the Court analyzes the personal jurisdiction argument first, it may do so because Brigham Oil did not waive it by failing to file a timely response. Brigham Oil was not properly served by mail. Brigham Oil contends that it did not receive the proper notice that must accompany a waiver of service by mail. Regardless, Brigham Oil did not return the acknowledgment form within thirty days of the mailing, which is required for the service to be effective. Minn. R. Civ. P. 4.05; *Hajjiri v. First Minn. Sav. Bank F.S.B.*, 25 F.3d 677, 678 (8th Cir. 1994) (applying pre-2018 revisions). Similarly, although Minnesota allows for waiver of service in any manner, including for service by email, Minn. R. Civ. P. 4.05 advisory committee's note to 2018 amendment, the record does not indicate that Brigham Oil executed such a waiver.

jurisdiction over a nonresident comports with both the forum's jurisdictional statute and the due process requirements of the United States Constitution. *Soo Line R.R. Co. v. Hawker Siddeley Can., Inc.*, 950 F.2d 526, 528 (8th Cir. 1991). Because the "Minnesota long-arm statute extends jurisdiction to the fullest extent permitted by the due process clause," a federal court sitting in Minnesota need only decide whether due process is satisfied. *Id.*

Due process requires that a nonresident defendant have sufficient "minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). Courts in the Eighth Circuit consider five factors in determining whether due process is satisfied: (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; (5) the convenience of the parties. *Soo Line R.R. Co.*, 950 F.2d at 529. The first three factors are the most important for courts to consider. *Id.*

Two types of personal jurisdiction exist: specific and general. Courts may exercise specific personal jurisdiction over a defendant if the plaintiff's claim is based upon the defendant's contacts with the forum state. *Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014). It is the defendant's contacts with the state, its "purposeful availment" of the privileges and laws of the forum, not the plaintiff's, that are relevant. *Id.* at 820-21.

A court may exercise general personal jurisdiction over a non-resident defendant if the party, although not a citizen of the state, has such "continuous and systematic"

6

contacts with forum that being haled into court there is "reasonable and just." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). When a court has general personal jurisdiction, the injury that triggered the lawsuit need "not arise out of the defendant's activities directed at the forum." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004).

### C. Lack of Personal Jurisdiction over Brigham Oil

Benson has not made a prima facie showing that this Court has personal jurisdiction over Brigham Oil. His memorandum in opposition to dismissal states that "[v]enue and jurisdiction have been argued in Benson's Complaint of 50 pages." Pl.'s Mem. Opp. Mot. Dismiss ¶ 15. But Benson's Complaint does not explain why this Court may exercise personal jurisdiction over Brigham Oil. The Complaint pleads facts to establish diversity of citizenship of the Defendants and Benson—which is necessary for subject-matter jurisdiction, but not personal jurisdiction. Compl. ¶ 8.[3] But Benson only pleads personal jurisdiction as to Family Tree, making the conclusory statement that it conducts "substantial, continuous activity including solicitation and purchases of property and mineral rights in the District of Minnesota . . . ." *Id.* at 10. Yet, both the Minnesota district court in Hennepin County and this Court already determined that they lack jurisdiction over Family Tree. Mem. L. & Order, March 7, 2018, pp. 15-16.

An examination of the record provides no support for specific personal jurisdiction over Brigham Oil in this matter. The mineral rights at issue are located solely

---

[3]   Both Benson and Brigham Oil improperly pleaded Brigham Oil's citizenship, treating it as a corporation instead of a limited partnership. Per this Court's Order, Brigham Oil filed a new declaration, providing the necessary information to determine citizenship. Decl. of Carter Williams, Docket No. 129. The Court is satisfied that there is complete diversity of citizenship.

in North Dakota.[4] Brigham Oil was not a party to any of the known deeds executed in Minnesota. And there is no evidence that any transfer between Family Tree and Brigham Oil was executed in Minnesota. Benson argued at the hearing on this matter that Brigham Oil and the other Defendants were taking the land of a Minnesota resident. But the plaintiff cannot be the only connection to the forum. *Fastpath, Inc.*, 760 F.3d at 822-23 ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.").

Nor can this Court exercise general personal jurisdiction over Brigham Oil. It is not a citizen of Minnesota. Decl. of Carter Williams. The record is absent of any indication of the types of continuous and systematic contacts that would make Brigham Oil "at home" in Minnesota. At the hearing, Benson suggested that Brigham Oil avails itself of the forum because its oil may well end up in the gas tanks of Minnesota drivers. Benson appears to be arguing for a "stream of commerce" theory of jurisdiction. But this is generally viewed as a specific jurisdiction theory and still requires that the defendant *purposefully* avail itself of the forum. *See Myers v. Casino Queen, Inc.*, 689 F.3d 904, 911 (8th Cir. 2012) (citing *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987)). Benson makes no showing of Brigham Oil targeting Minnesota in any way.

Because Benson has not made a prima facie showing of this Court's jurisdiction over Brigham Oil, it must be dismissed from this lawsuit. Because Brigham Oil is

---

[4]   Benson urges an interpretation of the dispute that would involve the entire grant from his grandparents. But that still would include no property in Minnesota. Compl. ¶ 20.

dismissed, Benson's motion for default judgment is denied and Brigham Oil's motion to set aside the default is granted without reaching the merits of those motions.

## II.   Motion to Quash

Also before the Court is the North Dakota non-parties' motion to quash. Although titled as a motion to quash, the non-parties also argue that the subpoenaed information lacks relevance, which is properly the realm of a protective order under Rule 26(c) and which is applicable to non-party subpoenas. *See Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 236 (D. Minn. 2013) (noting that "subpoenas issued under Rule 45 are subject to the same constraints that apply to all of the other methods of formal discovery") (internal quotations omitted). The Federal Rules limit discovery, in part, to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). For good cause, a court may issue a protective order that, among other things, "forbid[s] the disclosure or discovery" sought. Fed. R. Civ. P. 26(c)(1)(A).

The subpoenas Benson served upon the non-parties in North Dakota are irrelevant to this current case. By his own account, Benson issued the subpoenas to prepare a rejoinder to Family Tree's issue preclusion defense before Family Tree and Desert Partners IV were dismissed for lack of personal jurisdiction.[5] Pl.'s Reply Mem. Opp. to Third Party Mot. to Quash Subpoenas ¶¶ 2, 6. But whether Benson received a full and fair hearing in the North Dakota state court case has no bearing on any of Brigham Oil's bases for dismissal, including want of personal jurisdiction in Minnesota. Brigham Oil did not raise issue preclusion as a defense to the claims against it. Even if

---

[5]   He also appears to admit that he conveyed his withdrawal of the subpoenas to the North Dakota Attorney General's office. Pl.'s Reply Mem. Opp. to Third Party Mot. to Quash Subpoenas ¶ 8.

9

Brigham Oil is not dismissed for lack of personal jurisdiction, Benson has not demonstrated the subpoenaed information's relevance to any of the claims or defenses currently at issue in this case. Because it is an undue burden to the non-parties to answer subpoenas that are irrelevant to this litigation, they need not do so.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Plaintiff John Benson's Motion for Default Judgment [Docket
2. No. 94] be DENIED.
3. Defendant Brigham Oil & Gas, L.P.'s Motion to Set Aside an Entry of Default and Dismiss the Complaint [Docket No. 98] be GRANTED and that Defendant Brigham Oil & Gas, L.P. be DISMISSED as a Defendant in this lawsuit.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

4. Movants Jodee Lawler, Carolyn Probst, and Judge Robin Schmidt's Third Party Motion to Quash Subpoenas [Docket No. 114] is GRANTED. The Movants need not respond to Plaintiff John Benson's subpoenas directed to them [Docket Nos. 76, 77, 78].

Dated:

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).