UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN BENSON and
BRIAN BENSON,

    Plaintiffs,

v.      **ORDER**
       Civil File No. 17-3839 (MJD/DTS)

ANN KEMSKE and
JON KEMSKE,

    Defendants.

John Benson, pro se.

Brian Benson, pro se.

David C. McLaughlin and Jason G. Lina, Fluegel, Anderson, McLaughlin & Brutlag, Chtd., Counsel for Defendants Ann Kemske and Jon Kemske.

## I. INTRODUCTION

The above-entitled matter comes before the Court upon Plaintiffs' Letter Request to File a Motion for Reconsideration.  [Docket No. 217]

## II. BACKGROUND

On August 18, 2020, the Court granted Defendants' motion to dismiss, dismissed this case with prejudice, and entered judgment.  [Docket Nos. 214, 215]

On September 3, Plaintiffs filed a letter pursuant to Local Rule 7.1(j), requesting permission "to file a motion to reconsider pursuant to a Rule 59(e) [] motion." [Docket No. 217]  Defendants filed a letter in opposition [Docket No. 218], and Plaintiffs filed a reply letter [Docket No. 219].  On September 15, before the Court addressed the letter request, Plaintiffs filed their Motion for Rule 59(e) to Alter or Amend Order and Judgment of 8/18/2020.  [Docket No. 220]  On September 16, Plaintiffs filed a notice of appeal to the Eighth Circuit Court of Appeals appealing the August 18 judgment.  [Docket No. 224]

### III.   DISCUSSION

The Local Rules provide that a party may only file a motion for reconsideration "with the court's prior permission" and after showing "compelling circumstances."  L.R. 7.1(j).  However, the Eighth Circuit has indicated that it

> doubt[s] that the local rule was intended to apply to post-judgment motions filed within the time limit prescribed in Fed. R. Civ. P. 59(e). This rule expressly authorizes the filing of motions to alter or amend a judgment.  Litigants have a right, granted by the Federal Rules of Civil Procedure, to file such motions.

DuBose v. Kelly, 187 F.3d 999, 1002 n.1 (8th Cir. 1999).  Therefore, the Court denies Plaintiffs' letter request as moot because Plaintiffs have a right to file their Rule 59(e) motion without Court permission and have, in fact, already done so.

2

Although Plaintiffs filed a notice of appeal after filing their Rule 59(e) motion, the Court retains jurisdiction to address Plaintiffs' Rule 59(e) motion:

> Rule 4(a)(4) of the Federal Rules of Appellate Procedure, as amended, provides that when a notice of appeal is filed after a judgment but before a district court has had an opportunity to rule on a pending tolling motion, the notice of appeal lies dormant until the trial court disposes of the pending motion. Upon such disposition, the notice becomes effective. Because [Plaintiffs'] Rule 59(e) motion to reconsider is such a tolling motion, [Plaintiffs'] notice of appeal did not divest the trial court of jurisdiction to rule on the motion.

MIF Realty L.P. v. Rochester Assocs., 92 F.3d 752, 755 (8th Cir. 1996) (citations omitted).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court **DENIES AS MOOT** Plaintiffs' Letter Request to File a Motion for Reconsideration [Docket No. 217].

2. Defendants shall file their opposition to Plaintiffs' Rule 59(e) motion within 30 days of the date of the filing of this Order.

3. Plaintiffs shall file their reply in support of their Rule 59(e) motion within 50 days of the date of the filing of this Order.

Dated:  September 30, 2020        s/ Michael J. Davis
                                  Michael J. Davis
                                  United States District Court