# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JOHN BENSON and
BRIAN BENSON,

        Plaintiffs,


v.                                            **MEMORANDUM OF LAW & ORDER**
                                   Civil File No. 17-3839 (MJD/DTS)

ANN KEMSKE and
JON KEMSKE,

        Defendants.

John Benson, <u>pro se</u>.

Brian Benson, <u>pro se</u>.

David C. McLaughlin and Jason G. Lina, Fluegel, Anderson, McLaughlin &
Brutlag, Chtd., Counsel for Defendants Ann Kemske and Jon Kemske.

## I.      INTRODUCTION

       The above-entitled matter comes before the Court upon Plaintiffs' Motion

for Rule 59(e) to Alter or Amend Order and Judgment.  [Docket No. 220]

## II.     BACKGROUND

The facts of this case are set forth in the Report and Recommendation dated June 2, 2020 [Docket No. 185] and the Court's August 18, 2020 Order [Docket No. 214].

On August 18, 2020, the Court granted Defendants' motion to dismiss, dismissed this case with prejudice, and entered judgment.  [Docket Nos. 214, 215]  Plaintiffs have now filed the current Motion for Rule 59(e) to Alter or Amend Order and Judgment.  [Docket No. 220]

## III.   DISCUSSION

### A.   Legal Standard

Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence.  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.

Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted).  "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e), and [the Court of Appeals] will not reverse absent a clear abuse of discretion."  United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (citation omitted).

### B.   Whether Defendants' Motion Was Properly Before the Court

Plaintiffs argue that the Court made a manifest error of law by considering Defendants' Motion to Dismiss [Docket No. 170] because 1) Defendants filed the motion to dismiss before answering the Amended Complaint; 2) Defendants filed the motion to dismiss before discovery had closed and without first obtaining permission from the Magistrate Judge as required by the Scheduling Order [Docket No. 152]; and 3) Defendants' stipulation to allow Plaintiffs to amend their Complaint and failure to object to the Court's order allowing Plaintiffs' to amend their Complaint estops them from later moving to dismiss the Amended Complaint. The Court rejects these grounds. First, these arguments could have been asserted before the Court entered judgment and, therefore, are improper grounds for a Rule 59(e) motion. Second, Defendants' motion to dismiss was properly brought under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(b)(7). Such motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The Scheduling Order did not prohibit bringing a motion to dismiss under Rule 12(b) before discovery had closed; nor did the Order require Court permission before filing such a motion to dismiss. Finally, Defendants' stipulation to allow Plaintiffs to amend their

Complaint [Docket No. 154] did not bar Defendants from later filing a motion to dismiss based on the substance of the Amended Complaint.

### C.    Whether Defendants Waived the Defense of Res Judicata

After the Magistrate Judge issued the Report and Recommendation recommending that Defendants' motion to dismiss be granted in part and denied in part, but before this Court issued the Order modifying the Report and Recommendation and granting the motion to dismiss in its entirety, Defendants filed an Answer to the Amended Complaint [Docket No. 197].  Plaintiffs assert that, because the Answer did not assert res judicata as a defense, Defendants waived that defense.  The Court rejects this argument.  Defendants properly asserted the defense of res judicata in their motion to dismiss the Amended Complaint, which was filed before they filed their Answer to the Amended Complaint.

### D.    Whether the Court Made Factual Errors

Defendants assert that, in ruling on Defendants' motion to dismiss, the Court converted the motion to a motion for summary judgment by considering matters outside the pleadings and then erred by making two factual findings that were reserved for the jury: 1) that Plaintiffs were aware of Defendants' alleged fraud at the time they answered the complaint in the North Dakota Action and 2)

4

that John Benson reserved his right to amend his North Dakota pleadings.  The

Court rejects Plaintiffs' arguments.  First, in deciding a motion to dismiss, the

Court considers the complaint and "materials that are part of the public record or

do not contradict the complaint, as well as materials that are necessarily

embraced by the pleadings.  For example, courts may consider matters of public

record, orders, items appearing in the record of the case, and exhibits attached to

the complaint."  <u>Greenman v. Jessen</u>, 787 F.3d 882, 887 (8th Cir. 2015) (citations

omitted).  Second, the Court based its conclusion that the claims could have been

raised in the North Dakota Action on the pleadings in this litigation and in the

North Dakota Action, noting that "John and Brian Benson set forth substantially

the same allegations of fraud against Ann Kemske in their Answer signed on

February 22, 2013 and filed in the North Dakota Action."  (Aug. 18, 2020 Order at

9.)  The Court's conclusion that John Benson reserved his right to amend was

based on John Benson's statement in the North Dakota proceeding transcript that

he was reserving that right.

### E.    Damages Sought by Plaintiffs

Plaintiffs assert that the Court erred by failing to recognize that Plaintiffs

sued Defendants for lost royalty payments rather than for title to lost mineral

rights.  They assert that this requires granting their motion based on new case

law issued in <u>Northern Oil and Gas, Inc. v. EOG Resources, Inc.</u>, 970 F.3d 889,

890 (8th Cir. 2020).  In <u>Northern Oil and Gas</u>, the Eighth Circuit held that, under

North Dakota law, a lessee of oil and gas rights was not in privity with the lessor

and thus, res judicata did not bind the lessee to the result of the quiet title action

to which the lessor was a party and of which the lessee had no notice and in

which the lessee did not participate.  This holding has no application here, where

John and Brian Benson and Ann and Jon Kemske were all parties to the North

Dakota Action.  There is no question of whether privity exists.  The Court

concludes that the Eighth Circuit's opinion in <u>Northern Oil and Gas</u> does not

demonstrate that the Court made a manifest error of law.

### F.     Whether Plaintiffs Could Have Asserted Their Claims in the North Dakota Action

Plaintiffs assert that they could not have brought the claims asserted in this

litigation until after judgment had been entered in the North Dakota Action.

They further assert that the Court misapplied North Dakota law by stating that

the relevant question was whether the claims asserted in this action could have

been raised in the prior proceeding.  They assert that res judicata does not apply

unless they knew that they could have brought their claims in the North Dakota

Action.  Plaintiffs previously asserted these arguments.  (<u>See, e.g.</u>, [Docket No.

191] Plaintiff's Response to Defendant's Objection at 13-15.)  Rule 59(e) is not a

vehicle to repeat arguments previously made to and rejected by the Court.  See,

e.g., Voss v. Hous. Auth. of the City of Magnolia, Ark., 917 F.3d 618, 626 n.6 (8th

Cir. 2019).  The Court concludes that its interpretation and application of North

Dakota res judicata law were not manifest error.

### G.    Issues Raised in Plaintiffs' Reply

Plaintiffs have filed a Reply in support of their Motion for Rule 59(e) to

Alter or Amend Order and Judgment.  In that Reply, Plaintiffs attempt to raise an

entirely new issue, claiming, for the first time in this extended litigation, that the

Court misinterpreted their claim for declaratory judgment in their Amended

Complaint.

Plaintiffs' Amended Complaint defines the term "subject property" as "the

160 acres" described as "McKenzie County, North Dakota: Township 152N,

Range 100W Section 33 and 34, in 33 the E1/2SE1/4 and in 34 the W1/2SW1/4."

(Am. Compl. ¶ 24.)  Count 3 of the Amended Complaint seeks "a declaratory

judgment that the subject property is [] owned as an undivided interest, and that

any attempted conveyance without the consent of all owners is void as a matter

of law."  (Id. ¶ 45.)  Plaintiffs now assert that Count 3 sought a declaration not as

to the 160 acres in McKenzie County, North Dakota but, instead, as to 50,000

acres in 30 different counties in North Dakota and Montana.  First, the plain

language of the Amended Complaint provides that Count 3 seeks a declaratory

judgment only as to the 160 acres in North Dakota.  (See Am. Compl. ¶¶ 24, 45.

See also, e.g., id. ¶ 1 ("This is an action for relief from fraud and negligence in a

contract for sale of mineral interests (oil and gas royalty interests) in the Bakken

oil basin in North Dakota.").)

Second, this is issue is one that Plaintiffs should have raised earlier in the

litigation.  The June 2, 2020 Report and Recommendation provided:

> In addition to their claims for damages, however, the Bensons
> have also sought a declaration that "the subject property [the 160
> acres] is owned as an undivided interest, and that any attempt at
> conveyance without the consent of all owners [e.g. the 2010 deed] as
> void as a matter of law."  Amd. Compl. ¶ 45, Dckt. No. 168.  This
> claim for declaratory relief was—and was required to be—actually
> litigated in the North Dakota action.  Such a declaration directly
> conflicts with the North Dakota judgment and cannot proceed.
> Accordingly, the Third Claim in the Amended Complaint is barred
> by res judicata.

([Docket No. 185] Report & Recommendation at 15.)  It further recommended

that "Defendants' motion to dismiss Plaintiffs' claim for declaratory relief be

granted."  (Id. at 20.)

Plaintiffs filed no objection to the Report and Recommendation.

Defendants filed an objection to the Report and Recommendation with regard to

Counts 1 and 2, but not with regard to Count 3. Plaintiffs filed a response to Defendants' objection and made no mention of the recommendation as to Count 3. See, e.g., Leonard v. Dorsey & Whitney LLP, 553 F.3d 609, 620 (8th Cir. 2009). In fact, Plaintiffs urged the Court to adopt the Report and Recommendation as having "no clear error." ([Docket No. 191] at 8.) Additionally, Plaintiffs failed to assert this basis in their 35-page Rule 59(e) motion. Nor was it mentioned in Plaintiffs' memorandum in support of their Rule 59(e) motion. In sum, the Court concludes that Count 3, as pled, related only to the 160 acres, and, additionally, Plaintiffs have waived any argument that it did not.

Overall, the Court concludes that Plaintiffs have failed to show manifest errors of law or fact; nor have they presented newly discovered evidence.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Plaintiffs' Motion for Rule 59(e) to Alter or Amend Order and Judgment [Docket No. 220] is **DENIED**.


Dated:  February 1, 2021          s/ Michael J. Davis
                                  Michael J. Davis
                                  United States District Court